**In re: George VOGELEI, Debtor,**

**George Mac VOGELEI, Appellant,**

v.

**ESTATE OF CENTENNIAL COMMUNICATIONS, INC., Appellee.**

No. 00–16933.

D.C. No. CV–00–00264–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Jan. 11, 2002.

---

Before BRUNETTI, KLEINFELD, and THOMAS, Circuit Judges.

## MEMORANDUM *

The identity and capacity to sue of the representative of the Estate of Centennial Communications, Inc., in this case are uncertain. The Estate, itself, has no capacity to sue, but rather it must rely on a trustee or other representative.[1] The only representative to which the record before us alludes is the reorganized debtor, Centennial Communications Corporation. However, that corporation was dissolved in 1986, and thus its capacity to sue is questionable.

We remand so that authority may be established in the record by whoever represents the Estate of Centennial Communications, Inc., pursuant to the order of the Bankruptcy Court for the District of Nebraska, to demonstrate that it is the duly appointed legal representative of the Estate. If necessary, that person shall be substituted *nunc pro tunc* for Centennial Communications Corporation as the representative of the Estate.

REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See, for example, Vreugdenhil v. Hoekstra,* 773 F.2d 213, 215 (8th Cir.1985) (citing 11 U.S.C. § 323).